# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **COUVILLION LLC** | **CIVIL ACTION NO. 6:22-5244** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **ZENITH FIREARMS, INC.** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM RULING AND ORDER

Pending before the undersigned magistrate judge is the Motion for More Definite Statement [Doc. 21] filed by the defendant, Zenith Firearms, Inc. ("Zenith"). The motion is opposed by the plaintiff, Couvillion, LLC ("Couvillion") [Doc. 23], and Zenith filed a reply brief [Doc. 28]. For the following reasons, the Motion for More Definite Statement is DENIED.

## FACTUAL BACKGROUND

The instant lawsuit arises out of a failed business arrangement between Couvillion and Zenith. According to the Complaint, Zenith manufactures firearms, while Couvillion provides design specifications and/or manufacturing process information for the manufacture of firearms. Couvillion alleges it entered into an Independent Contractor and Commission Agreement ("the Contract") with Zenith, which Zenith signed on March 8, 2021, under which Couvillion would provide

design specifications and/or manufacturing process information to Zenith. Couvillion alleges that under this Contract, Zenith agreed to pay Couvillion the following amounts:

    a)    **Hourly rate**: $200/Hour plus reimbursable expenses – for all services requested by Zenith and rendered by Couvillion;

    b)    **Per Unit Fee**: The greater of $12 in 2020 Dollars per Z-5RS firearm Manufactured by Zenith or 1.6% of the Manufacturing Cost per Unit (presumed to be $750); and

    c)    **Payment for Sale of Non-Serialized Parts**: 1.0% of the total revenue generated by Zenith for the sale of non-serialized parts manufactured utilizing the design specifications, and/or manufacturing process information provided by Couvillion under the Agreement.[1]

Couvillion alleges that between March 2021 and January 2022, it provided services as requested by Zenith and incurred certain reimbursable expenses as specifically detailed in Invoices Nos. 2021-1 through 2021-21 and 2022-01, all of which were presented to Zenith.[2] Couvillion alleges that Zenith failed to perform its obligations under the Contract by failing to pay Couvillion for the performance of these services and by failing to provide the information necessary to calculate the additional Per Unit Fee – as set forth in the Contract -- owed to Couvillion.[3] The

---

[1] *See* Petition for Breach of Contract, Doc. 1, at para. 13.
[2] *Id.* at para. 15.
[3] *Id.* at para. 15-18.

particulars of these failures are set forth in the Complaint. Couvillion seeks damages for Zenith's failures to perform its obligations under the Contract.

In the instant motion, Zenith argues that Couvillion should amend its Complaint, because the Complaint as drafted is vague, indefinite and speculative, and fails to set forth "sufficient certainty of detail to apprise Zenith of a sufficient plausible factual basis" underlying Couvillion's causes of action.[4]

## LAW AND DISCUSSION

### I. Rule 12(e) Standard

Federal Rule of Civil Procedure 12(e) provides that a motion for more definite statement may be filed when ". . . a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. . ." Fed. R. Civ. P. 12(e). The standard for evaluating a motion for more definite statement is whether the complaint is so "excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006), *citing Advanced Communications Technologies, Inc. v. Li,* No. 05 Civ. 4628, 2005 WL 3215222, at

---

[4] *See* Motion for More Definite Statement, Doc. 21, at p. 2.

\*3 (S.D.N.Y. Nov. 30, 2005) (citing *Bower v. Weisman,* 639 F.Supp. 532, 538 (S.D.N.Y.1986)).

When evaluating a motion for more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which provides, in relevant part, only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Babcock*, 235 F.R.D. at 633, *cited in City of DeQuincy v. Emps. Mut. Cas. Co.*, 2023 WL 2604022, at \*1 (W.D. La. Mar. 22, 2023) (Mag. Judge Kay). *See also* Fed. R. Civ. P. 8(a)(2). Additionally, due to the availability of extensive discovery on a plaintiff's claims, Rule 12(e) motions are disfavored. *City of DeQuincy*, 2023 WL 2604022 at \*1. Accordingly, such motions are inappropriate when the pleading meets the standards of Rule 8, the information is already known to the defendant, or the information sought can otherwise be obtained by discovery. *Id.*

**II. Analysis**

As an initial matter, this Court notes that in a diversity case such as this one, federal courts must apply state substantive law to the claim at hand. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007), *citing Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Ashland Chem. Inc. v. Barco Inc.,* 123 F.3d 261, 265 (5th Cir.1997). Thus, this Court applies Louisiana

law to Couvillion's breach of contract claim. In Louisiana, a breach of contract claim has three "essential" elements: "(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee." *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018), *citing Favrot v. Favrot*, 68 So.3d 1099, 1108–09 (La. App. 4th Cir. 2011). *See also JMF Med., LLC v. Team Health, LLC*, 490 F.Supp.3d 947, 957 (M.D. La. 2020) ("The elements of a breach of contract claim are: (1) the obligor undertook an obligation to perform; (2) the obligor failed to perform the obligation, resulting in a breach; and (3) the failure to perform resulted in damages to the obligor.").

In this matter, review of the Complaint shows that Couvillion adequately pled its cause of action for breach of contract. Couvillion has pled the existence and terms of the Contract; particular facts underlying Couvillion's allegation that Zenith failed to perform its obligations under the Contract; and the resulting damages. Thus, Couvillion's Complaint satisfies the requirements of Rule 8 of the Federal Rules of Civil Procedure, which provides, in relevant part, only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Babcock*, 235 F.R.D. at 633, *cited in City of DeQuincy v. Emps. Mut. Cas. Co.*, 2023 WL 2604022, at *1

5

(W.D. La. Mar. 22, 2023) (Mag. Judge Kay). For these reasons, Zenith's motion has no merit.

## CONCLUSION

Consequently, the Motion for More Definite Statement [Doc. 21] filed by the defendant, Zenith Firearms, Inc., is DENIED.

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 5th day of April, 2023.

*[signature]*

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE